DAVID KALAUOKALANI, CLERK OF THE CITY AND COUNTY OF HONOLULU, *v.* RAYMOND C. BROWN, SECRETARY OF THE TERRITORY OF HAWAII.

## No. 1710.

RESERVED QUESTION FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. E. K. MASSEE, JUDGE.

SUBMITTED JULY 9, 1926.                    DECIDED JULY 10, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

ELECTIONS—*departing sailors—delivery of ballots by secretary of Territory.*

Under the existing state of our statutes the secretary of the Territory is not required to deliver to the clerk of the City and County of Honolulu a reasonable number, or any number, of territorial general election ballots at least three days before the next territorial general election or at any other time.

OPINION OF THE COURT BY PERRY, C. J.

R. L. 1925, Sec. 119, reads in part as follows: "Sailors,

departing. 1. Any registered voter who, because of being employed upon any of the vessels that are leaving port, and will not be present at his voting place upon any county or city and county election day to cast his vote, is hereby granted the special permission of voting on the day before the day prior to such county or city and county election, in the manner hereafter specified.

"2. The county or city and county clerk shall, upon affidavit duly signed by a duly registered voter about to depart, setting forth the facts entitling him to vote, pursuant to paragraph 1, have placed in an envelope a ballot folded so as to conceal the names of the candidates thereon. The voter shall thereupon, in the usual manner provided by law, and in a place apart from any person, mark his ballot and place it in the said envelope and seal and deliver it to the clerk, who shall, at the time he delivers the ballots to the judges of election of the precinct where said voter registered, and in any event on the day of election, deliver said envelope to the said judges. The voter shall sign his name upon the envelope as proof that he has voted.

"3. The chairman of the judges of election shall in the presence of all the judges, call the name of the one that has voted and thereupon proceed to open the envelopes and deposit the ballot in the ballot box in the usual manner as provided by law, and without opening the same or in any way observing or permitting anyone to observe how the same is marked. The envelopes are to be placed in the ballot bags as proof that the voter himself voted and signed the envelope."

By Act 273, L. 1925, paragraph 1 of section 119 was amended so as to read as follows: "1. Any registered voter who, because of being employed upon any of the vessels that are leaving port, and will not be present at his voting place upon any primary, general or special

election day to cast his vote, is hereby granted the special permission of voting on the day before the day prior to such election, in the manner hereafter specified."

The city and county clerk, upon whom, under paragraph 2 of section 119, is cast the duty of furnishing departing sailors with ballots "on the day before the day prior to" certain elections for use in voting, demanded of the secretary of the Territory upon whom, by other sections about to be referred to, is cast the duty of preparing the ballots "assurances" that the city and county clerk would be "supplied with a reasonable number of territorial election ballots at least three days before the next territorial general election" for use by departing sailors in voting. These assurances the secretary refused to give, stating that he had been advised by the attorney general that there was a grave question as to his legal authority so to do. Thereupon this proceeding was instituted by the city and county clerk against the secretary of the Territory, in form analogous to that of a petition for mandamus, asking for a declaratory judgment determining the rights of the parties. Upon the filing of an answer admitting all of the facts stated in the petition, the circuit judge reserved to this court the following question: "Is the defendant required by law to deliver to plaintiff a reasonable number of territorial general election ballots at least three days before the next territorial general election?"

The parties are agreed that in so far as elections of city and county officials are concerned no difficulty appears in executing section 119 as amended by Act 273 because, as it is said, the city and county clerk is the officer who prepares and has the custody of the ballots for city and county elections. Upon this point we make no investigation. The respondent contends, however, that because of the provisions of R. L. 1925, Secs. 102,

103, 104, it is legally impossible for him to comply with the request to deliver ballots to the petitioner three days in advance of a territorial election. Those sections read as follows:

"Sec. 102. Printing and distributing. The ballots shall be printed by the secretary of the Territory at government expense. There shall be sent to each precinct not less than two ballots for each name upon the register of voters at the last preceding election. In case the boundaries of any precinct shall have been changed since the last preceding election, the number of ballots sent shall be such as shall be estimated by the secretary of the Territory to be twice the number of voters in such precinct.

"103. Sealed until polls open. When printed the ballots shall be fastened together in blocks of one hundred each, in such manner that each ballot may be detached and removed separately. They shall be forwarded by the secretary of the Territory to the inspectors in sealed packages, which shall not be opened until the opening of the polls in the manner in this chapter provided. A record of the number of ballots sent to each board of inspectors shall be kept by the secretary of the Territory.

"Sec. 104. Distributed when. The ballots, specimen ballots, and cards of instruction herein provided for, shall be sent by the secretary of the Territory to the several boards of inspectors so that they shall be received at least two days prior to the election."

It may be added that section 109, which prescribes the procedure upon the opening of the polls on election day, also provides that "at the opening of the polls the seals of the packages of ballots shall be publicly broken and the packages opened by the chairman."

The controversy in this case does not arise out of any

ambiguity of the language used in any of the statutes under consideration. All concerned are agreed that under section 119 and its amendments departing sailors are entitled to vote two days before election day and that it is upon the county or city and county clerk, as the case may be, that the duty is devolved of furnishing blank ballots to the intending voters and to deliver the ballots when marked by the voters to the judges of election of the proper precincts. They are also agreed that it is upon the secretary of the Territory, and not upon the county or city and county clerk, that the duty rests of printing the ballots, of fastening them together in blocks of one hundred each and of forwarding them to the inspectors of election in sealed packages; and that the ballots must remain sealed until the opening of the polls. There being no ambiguity in the language thus used, there is no room for construction. The difficulty is, plainly, that in making the amendments of 1925 the legislature omitted to alter or add to the pre-existing machinery pertaining to elections so as to make the amendment enforceable with respect to territorial elections. It would be beyond the province of this court, by judicial decision, to provide machinery for the purpose. In at least three ways could such machinery be provided: one, by making the county or city and county clerks inspectors of election and at the same time requiring the secretary to deliver to such clerks before the second day prior to any election a number of ballots sufficient for the departing sailors; another, by providing that the sailors should call upon the secretary of the Territory and receive from him at the appointed time the necessary ballots and mark them and then leave them with the secretary for transmission to the appropriate judges of election; and the third, by providing that the sailors should apply to the judges of election for the ballots and

at the same time require the secretary of the Territory to deliver the ballots at an appropriate time to the judges of election,—with authority in each of these instances to the proper official to break the seals at the appropriate time named. Perhaps there are other methods in which the statutory imperfection can be cured. The choice rests with the legislature and not with this court. It is a subject of legislation and not of decision. We would be indulging in pure conjecture were we to endeavor to say what the legislature would like to have done under the circumstances.

The reserved question is answered in the negative.

*H. Hathaway*, City and County Attorney, and *A. J. Buscheck*, Deputy City and County Attorney, for petitioner.

*W. B. Lymer*, Attorney General, for respondent.